## Case No. 17,311.
### WEAVER v. THOMSON.
[1 Wall. Jr. 343.] [1]
Circuit Court, E. D. Pennsylvania. Oct. 5, 1849.

ADMIRALTY—APPEALS—AMENDMENT OF LIBEL.

An appellee in admiralty may amend in this court the libel he has filed in the district court, so as to make a claim here for damages above costs, caused by a vexatious appeal.

. [Cited in The Charles Morgan v. Kouns, 5 Sup. Ct. 1175, 115 U. S. 76.]

[Appeal from the district court of the United States for the Eastern district of Pennsylvania.]

The district court having given a decree in admiralty, [case unreported,] the libellee, who had been cast, appealed to this court. The libellant below—the appellee here—now setting forth that the appeal was for delay merely, and vexatious, and that he had been greatly injured by the mere fact of the delay, Mr. Vandyke asked leave to amend the libel originally filed in the district court, so as to make a further claim for damages, above costs, thus caused by appellant's act.

GRIER, Circuit Justice. I have repeatedly expressed my design of discouraging appeals unless there was some substantial grounds for them in a manifest error in the decree of the court below. In questions particularly of mere fact, and in those, like salvage, depending on sound discretion, I discourage them because they lead to speculations on the temperaments and dispositions of the respective judges, and are taken on a little besides a calculation of chances. Where the want of ground for the appeal is so obvious as to shew that the case must have been carried up here for delay merely, I see no objection to allowing a party to recover damages for any injury done by the delay to which he has thus put his opponent in a vexatious and unreasonable way. Amendment allowed.

## Case No. 17,312.
### WEAVER v. WALTON.

[The case cited under above title in 1 Flip. 441, 5 Chi. Leg. News. 125. and 6 Alb. Law J. 422, is the same as Case No. 5,488.]

WEAVER (WARREN v.). See Case No. 17,203.

## Case No. 17,313.
### In re WEBB et al.

[2 N. B. R. 614 (Quarto, 183); [2] 2 Am. Law T. Rep. Bankr. 87; 9 Int. Rev. Rec. 169; 16 Pittsb. Leg. J. 43.]

District Court, S. D. Ohio. May, 1869.

BANKRUPTCY OF PARTNERSHIP—PRIORITY OF UNITED STATES — REVENUE BOND SIGNED BY INDIVIDUAL PARTNERS.

Where individual members of a co-partnership signed internal revenue tobacconist's bonds as

[1] [Reported by John William Wallace. Esq.]

[2] [Reprinted from 2 N. B. R. 614 (Quarto, 183), by permission.]

accommodation sureties, and the firm subsequently being adjudged bankrupt, the collector of internal revenue holding the bonds, the conditions of which had been broken, proved the debts thereon in bankruptcy, and claimed payment out of the partnership assets by priority of distribution to the United States. Held, that the debts were individual debts, and the claim of the United States to prior payment out of partnership assets was not valid, but it would be good against individual assets.

In this case, the register, Flamen Ball, Esq., made the following report:

In pursuance of an order of reference, to me directed and issued by the court on the petition of Drausin Wulsin, Esq., assignee of said bankrupts, in the matter of the claim of Leonard A. Harris, collector of internal revenue of the United States, for the First district of Ohio, after notifying said collector, I sat at my office in Cincinnati, on the 22d day of March, and on the 1st day of April, 1869, to hear such testimony as might be produced by either party in reference to the claim of the United States against said bankrupts, filed in this cause; and having heard all the testimony offered by said parties, I do now herewith return the same, with a statement of the material facts proved, and the points of law arising thereon. On the 20th day of February, 1868, the said collector made and filed in this court proof of a claim in favor of the United States, and against the firm of William A. Webb & Co., amounting in all to the sum of nine thousand and seven dollars and fifty cents. As to the sum of seven dollars and fifty cents, part of said claim, there is no dispute; but the question at issue relates to the liability of the firm upon the two bonds, copies of which are exhibited with said evidence. These bonds were the ordinary bonds given to the collector by manufacturers of tobacco, and are designated as "Tobacconist's Bonds." The first was executed May 14th, 1867, by Robert Walter as principal, and William A. Webb and Gilbert M. Johnson as sureties, conditioned to pay the sum of five thousand dollars in case of default, and the second bond was executed by Samuel Lottier and Samuel R. Wade as principals, and by Mr. Webb and Mr. Johnson as sureties, conditioned to pay the sum of four thousand dollars in case of a similar default. The condition of each bond has been broken by the principals, and the United States, through their collector, claims the whole amount of both bonds as a preferred claim out of the assets of the late firm of William A. Webb & Co., now in the hands of the assignee. The assignee claims that the obligation of each bond is the obligation of the parties subscribing the same as individuals, and that the same are not the obligations of the firm, and that the partnership debts must be first paid out of the partnership assets. There is no proof showing that either of these obligations was incurred by the partnership, but, on the contrary, the evidence shows that the firm de-